UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WATERPROOF GEAR, INC.,

    Plaintiff,

v.                        Case No. 8:08-cv-2191-T-33MAP

LEISURE PRO, LTD.,

    Defendant.
_____/

**<u>ORDER</u>**

This matter comes before the Court pursuant to defendant Leisure Pro, Ltd.'s motion to dismiss or transfer (Doc. ## 13, 14), filed on December 30, 2008, to which plaintiff Waterproof Gear, Inc. responded on January 14, 2009 (Doc. # 17). For the reasons that follow, the Court denies the motion.

**I.    Background**

This case arises from Leisure Pro's alleged unauthorized use of Waterproof's marketing materials on Leisure Pro's website. (Doc. # 1 at ¶¶ 19-20.) At issue is whether this Court has personal jurisdiction over Leisure Pro; and if so, whether this case either should be dismissed for forum non conveniens or transferred to the Southern District of New York under 28 U.S.C. § 1404.

Waterproof, a wholly-owned subsidiary of a Swedish corporation, is incorporated in Delaware and has its principal

place of business in Pinellas County, Florida.  (Id. at ¶ 1-2.)  Waterproof designs, develops, tests, manufactures, and markets "various types of high-end dive equipment, including semi-custom wetsuits, gloves, dive booties and dive hoods." (Id. at ¶ 7.)  Waterproof markets its dive equipment through web advertising, and its website is hosted on a server based in Fort Lauderdale, Florida.  (Id. at ¶¶ 8, 11.)

Leisure Pro is a New York corporation whose principal place of business is in New York City, New York.  (Id. at ¶ 3.)  From its New York City office, Leisure Pro sells sports equipment all over the world via the telephone and its website.  (Doc. # 13 at 17, ¶ 4.)  Leisure Pro has no retail stores in Florida, has never paid taxes in Florida, and is not licensed to do business in Florida.  (Id. at 17, ¶¶ 6-8.) Nonetheless, Leisure Pro sells books on scuba diving in Florida, fish identification charts for Florida reef fish, specialized cave diving equipment used for diving in Florida's springs, and dive equipment for warm waters, such as Florida's coastal region.  (Doc. # 19 at ¶ 12.)  Leisure Pro also offers free shipping to the State of Florida.  (Id. at ¶ 18.)

Waterproof has filed a three-count complaint against Leisure Pro under both federal and Florida state law for copyright infringement (count I), deceptive and unfair trade

practices (count II), and trade defamation/disparagement (count III). (Doc. # 1 at ¶¶ 17-46.) Waterproof alleges Leisure Pro committed copyright infringement by copying certain marketing materials from Waterproof's website (i.e. images, photographs, and texts of Waterproof's products) and placing them on Leisure Pro's product website. (Id. at ¶¶ 17-26.) Waterproof contends that Leisure Pro's use of its marketing material was intentional and reckless and created the false impression that Leisure Pro was an authorized dealer or distributor of Waterproof's products. (Id. at ¶ 31.)

Leisure Pro claims this Court lacks personal jurisdiction. (Doc. # 13 at 1.) Alternatively, Leisure Pro contends this action either should be dismissed for forum non conveniens or be transferred to the Southern District of New York. (Id.)

**II. Legal Standard**

In a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." S & Davis Intern., Inc. v. The

3

Republic of Yemen, 218 F.3d 1292, 1303 (11th Cir. 2000). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." Meier ex rel. Meier v. Sun Intern. Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).

**III. Analysis**

    **A.    Personal Jurisdiction**

"The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis by the federal courts." Cable/Home Commc'n Corp. v. Network Prod., Inc., 902 F.2d 829, 855 (11th Cir. 1990). The first step is to determine "whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007). If so, the Court then determines "whether exercising jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment." Id. This second element "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend 'traditional notions of fair play and substantial justice.'" Id. (quoting Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996)).

4

Leisure Pro concedes that jurisdiction is appropriate under Florida's long-arm statute. (Doc. # 13 at 6.) Accordingly, the Court need only determine whether jurisdiction over Leisure Pro would violate the Due Process Clause of the Fourteenth Amendment--that Leisure Pro has sufficient contacts with Florida and that exercising jurisdiction over Leisure Pro would not offend traditional notions of fair play and substantial justice.

 1. **Minimum Contacts**

Personal jurisdiction over a non-resident defendant may be established in two ways, general jurisdiction or specific jurisdiction. "General personal jurisdiction . . . arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated." Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000). It "require[s] a showing of continuous and systematic general business contacts between the defendant and the forum state." Id.

Specific jurisdiction, on the other hand, "arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." Id. at 1291. To establish sufficient minimum contacts for purposes of specific jurisdiction, the defendant's contacts with the forum state

must satisfy three criteria. McGow v. McCurry, 412 F.3d 1207, 1214 (11th Cir. 2005).

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws. Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.

Id. Under the Supreme Court's Calder v. Jones, 465 U.S. 783 (1984), "effects test," the second prong (purposeful availment) can be satisfied by "a foreign act that is both aimed at and has effect in the forum state." Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1087 (9th Cir. 2000). "To meet the effects test, the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." Id.

Leisure Pro contends that exercise of personal jurisdiction over it would violate due process because Waterproof's complaint fails to establish minimum contacts. (Doc. # 13 at 7.) Waterproof submits that Leisure Pro's contacts in Florida are so numerous that this Court not only has specific personal jurisdiction but also general personal

jurisdiction.  This Court finds that it has specific personal jurisdiction over Leisure Pro.  The Eleventh Circuit's recent holding in <u>Licciardello v. Lovelady</u> is dispositive of this issue.  544 F.3d 1280 (11th Cir. 2008).

In <u>Licciardello</u>, the Eleventh Circuit held:

> [W]here the internet is used as a vehicle for the deliberate, intentional misappropriation of a specific individual's trademarked name or likeness and that use is aimed at the victim's state of residence, the victim may hale the infringer into that state to obtain redress for the injury.

<u>Id.</u> at 1288 n.8.  The plaintiff had sued the defendant, a Tennessee resident, in Florida "under the Lanham Act for trademark infringement and related claims arising out of [the defendant]'s allegedly unauthorized use of [the plaintiff]'s name, photograph, and apparent endorsement of [the defendant] on a website."  <u>Id.</u> at 1282.  The defendant moved for dismissal for lack of personal jurisdiction.  <u>Id.</u> at 1283.  Like Leisure Pro, the defendant contended he had no "constitutionally significant contacts with Florida."  <u>Id.</u> at 1284.

With respect to the requirement that the defendant's contacts relate to the plaintiff's cause of action, the court concluded that it was "clear" that the plaintiff's claim and the website were related "inasmuch as the website [was] the

7

location of the offending trademark use." Id. at 1285 n.4. Applying the Supreme Court's effects test, the court concluded that the defendant's alleged infringement constituted a purposeful availment. The court explained as follows:

> In this case, [the defendant] is alleged to have committed an intentional tort against [the plaintiff]-using his trademarked name and his picture on a website accessible in Florida in a manner to imply [the plaintiff]'s endorsement of [the defendant] and his products. The use was not negligent, but intentional. The purpose was to make money from [the plaintiff]'s implied endorsement. The unauthorized use of [the plaintiff]'s mark, therefore, individually targeted [the plaintiff] in order to misappropriate his name and reputation for commercial gain. These allegations satisfy the effects test for personal jurisdiction-the commission of an intentional tort, expressly aimed at a specific individual in the forum whose effects were suffered in the forum.

Id. at 1287-88. Finally, the court concluded that the defendant could reasonably anticipate being haled into court in Florida because "his intentional conduct in his state of residence was calculated to cause injury to [the plaintiff] in Florida." Id.

Waterproof has established that Leisure Pro has sufficient minimum contacts with Florida for purposes of specific personal jurisdiction. Leisure Pro's contacts relate to Waterproof's claims inasmuch as the website, accessible in Florida, contained the infringing materials. Furthermore,

8

Leisure Pro's conduct constituted a purposeful availment of the privilege of conducting activities within Florida under the effects test. Waterproof alleges an intentional action on the part of Leisure Pro, that Leisure pro has "intentionally and recklessly published [plaintiff]'s [m]arketing [m]aterials to create the false impression that Leisure Pro is an authorized dealer, distributor of [plaintiff's] [p]roducts." (Doc. # 1 at ¶ 31.)

Finally, Leisure Pro knew that Waterproof was based in Florida (Doc. # 18 at ¶ 8), and that its infringing actions could cause injury in Florida. Because Leisure Pro has sufficient minimum contacts, the Court next determines whether this Court's exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice.

### 2. Fair Play and Substantial Justice

Courts consider the following factors in determining whether a court's exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice:

> (a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief, (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and ([e]) the shared interest of the several States in furthering fundamental substantive social policies.

9

Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1251 (11th Cir. 2000).

Leisure Pro submits that it would be severely burdened by this Court's exercise of jurisdiction because its business is located in New York. (Doc. # 13 at 12.) In addition, Leisure Pro asserts that Florida's interest in seeing a federal court handle a federal copyright law case is no greater than that of any other state. (Id.)

As the Eleventh Circuit explained in Licciardello, "the Florida plaintiff, injured by the intentional misconduct of a nonresident expressly aimed at the Florida plaintiff, is not required to travel to the nonresident's state of residence to obtain a remedy." 544 F.3d at 1288 (citing Calder, 465 U.S. at 1487). Florida has a very strong interest in providing a forum for adjudicating disputes involving intentional misconduct by nonresidents against Floridians. Licciardello, 544 F.3d at 1288 (citing Sculptchair, Inc., 94 F.3d at 632). Accordingly, this Court finds that exercise of personal jurisdiction over Leisure Pro would comport with traditional notions of fair play and substantial justice.

**B.   Forum Non Conveniens**

Alternatively, Leisure Pro requests that this case be dismissed for forum non conveniens. The doctrine of forum non

conveniens "authorizes a court with venue to decline to exercise its jurisdiction when the parties' and court's own convenience, as well as the relevant public and private interests, indicate that the action should be tried elsewhere." Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta, 530 F.3d 1339, 1356 (11th Cir. 2008).

Leisure Pro's motion for dismissal on the grounds of forum non conveniens is unavailing. Tritak v. Metro. Cas. Ins. Co., 3:08-cv-14-J-33JRK, 2008 WL 312675, at *2 (M.D. Fla. Feb. 4, 2008). As the Supreme Court has explained, the common-law doctrine of forum non conveniens has been supplanted by the statutory provisions of 28 U.S.C. §§ 1404 and 1406, with rare exceptions. See Sinochem Int'l Co. v. Malay Int'l Shipping Corp., 549 U.S. 422, 430 (2007). In Sinochem Int'l Co., the Court instructed as follows:

> The common-law doctrine of forum non conveniens has continuing application in federal courts only in cases where the alternative forum is abroad . . . . For the federal-court system, Congress codified the doctrine and provides for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action.

Id. (internal citations omitted).

Because the alternative forum is the Southern District of New York, a sister federal court, dismissal for non conveniens is not an applicable remedy.

**C. Transfer**

Leisure Pro argues that this case should be transferred, pursuant to 28 U.S.C. § 1404(a), to the Southern District of New York. (Doc. # 13 at 14.) Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Eleventh Circuit has outlined the following factors for determining whether to transfer under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). As the movant, Leisure Pro bears the burden of establishing that the Southern District of New York is a more convenient forum. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). Leisure Pro has failed to meet this burden.

Consideration of Waterproof's choice of forum weighs against transfer because Waterproof's principal place of

12

business is in the Middle District of Florida. Great deference is accorded to the plaintiff's choice of forum when that forum is in the district in which the plaintiff resides. Lasalle Bank, N.A. v. Mobile Hotel Prop., LLC, 274 F. Supp. 2d 1293, 1301 (S.D. Ala. 2003). To overcome this presumption, Leisure Pro "must make a strong showing of inconvenience." See Decker Coal Co. v. Commonwealth Edison, Co., 805 F.2d 834, 843 (9th Cir. 1985). Leisure Pro has not made such a showing.

The forum's familiarity with the governing law also weighs against transfer. Waterproof's complaint alleges causes of actions pursuant to violations of Florida law, specifically, a Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204, claim as well as a defamation and disparagement claim. The Eleventh Circuit has explained, "The transferee court must apply the law of the state in which the transferor court sits." McVicar v. Standard Insulations, Inc., 824 F.2d 920, 921 (11th Cir. 1987). Accordingly, were this case to be transferred to New York, the New York district court would have to apply Florida law to Waterproof's state law claims. A New York district court would not be as familiar with Florida law as a Florida district court would be. See Deshoulieres, S.A. v. Cuthbertson Imp., Inc., No. 06 Civ. 5163(HB), 2006 WL 2849818, at *4 (S.D.N.Y. Oct. 3, 2006)

13

(declining transfer of federal case from New York to Connecticut because the case involved New York state law claims).

The convenience of the parties and witnesses as well as the relative ease of access to sources of proof are equally balanced. Leisure Pro is a New York-based company and Waterproof is a Florida-based company. (Doc. # 1 at ¶¶ 1,3.) Thus, Leisure Pro's records in addition to its agents and employees likely to be called to testify are all in New York. (Doc. # 13 at 14.) Likewise, Waterproof's potential witnesses all reside in the State of Florida. (Doc. # 17 at 18.)

As far as the locus of operative facts and the availability of process to compel the attendance of unwilling witnesses, the Court finds that these factors also appear to be neutral. Fed. R. Civ. P. 45's subpoena power does not extend to a nonparty "more than 100 miles from where the nonparty resides, works, or regularly transacts business in person." Escobedo v. Wal-Mart Stores, Inc., No. 3:08-CV-105 (CDL), 2008 WL 5263709, at *2 (M.D. Ga. Dec. 17, 2008) (citing Fed. R. Civ. P. 45(c)(3)(A)(ii), (e)) (discussing Rule 45 in the context of a § 1404 motion to transfer).

Regarding the location of the operative facts, Waterproof alleges that Leisure Pro reached into Waterproof's server,

14

which is located in Florida, and accessed Waterproof's marketing materials. (Doc. # 1 at ¶¶ 18, 19.) Leisure Pro then "copied, reproduced, published and distributed substantial portions" of Waterproof's market materials on Leisure Pro's website. (Id. at ¶ 20.) Thus, based on the complaint, it appears that the operative facts in this case occurred in both Florida and New York.

On balance, Leisure Pro has failed to meet its burden under the Eleventh Circuit's test for determining whether to transfer under § 1404(a). While many of the factors appear to be neutral, the forum's familiarity with the governing law as well as the weight accorded Waterproof's choice of forum are factors that weigh against transferring this case to the Southern District of New York. Waterproof's motion for transfer is therefore denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Leisure Pro, Ltd.'s motion to dismiss or transfer (Doc. ## 13, 14) is hereby **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>20th</u> day of April 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record